UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CHRISTOPHER DEAN KRYGER, | CIV 22-4086 |
| Petitioner, | |
| vs. | ORDER |
| WARDEN DAN SULLIVAN and THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA, | |
| Respondents. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Mr. Kryger timely filed his habeas petition on June 29, 2022. The Respondents filed a Motion for Judgment on the Pleadings on August 29, 2022. Mr. Kryger did not file a timely response. The Report and Recommendation was filed on November 16, 2022, with objections due within fourteen (14) days of service of the Report and Recommendation. On December 12, 2022, Mr. Kryger filed his Objections to the Report and Recommendation.

The Objections claim a denial of the right of confrontation, as Petitioner claims "if I had been able to question Brian Johnson in my trial I could have created reasonable doubt because I was charged with the crime of Burglary because it as alleged I stole $1400 out of Kari's freezer and with that money I bought a ring, but it was discussed by my attorney that Kari had deposited it into his bank account, when he was confronted in court he admitted taking the money, yet I was still charged and found guilty of, now if I had been able to cross-examine him and expose him for what he had done, I believe it would have created reasonable doubt as to what else is he capable of doing? such as cleaning up a crime scene, etc."

Brian Johnson was Kari, the decedent's brother. He initially thought $1400.00 was missing from Kari's refrigerator when in fact Kari had deposited it in Brian Johnson's bank account. But Petitioner was not charged with nor convicted of taking the $1400.00. There was evidence that after the murder Petitioner bought a ring, a cell phone, and a calling plan at Walmart, and all three items cost a total of $171.00.

Petitioner was convicted of five counts of First Degree Murder, one count of Second Degree Murder, one count of Second Degree Rape and two counts of First Degree Burglary. Since not charged, the $1400 question was really a red herring that defense counsel could have pursued but apparently as a matter of appropriate trial tactics, did not as defense counsel knew and Brian Johnson has come to learn that the $1400 had been deposited into his account by his sister. It does not appear that there was any impeachment to be had on this collateral point that was not even an issue. To question on this point or not was within the discretion of defense counsel. No confrontation opportunity was missed nor was the confrontation clause violated.

This Court's final observation, as shown in more detail in the exhaustive Report and Recommendation, is that the evidence against Petitioner was overwhelming. There was no federal constitutional error in any aspect of this case. Accordingly,

IT IS ORDERED:

1. That Petitioner's Objections, Doc. 14, are overruled.

2. That the Report and Recommendation, Doc. 13, is ADOPTED.

3. That Respondents' Motion for Judgment on the Pleadings, Doc. 11, is GRANTED.

4. That Petitioner's Application for Writ of Habeas Corpus, Doc. 1, is DISMISSED with prejudice.

5. That no certificate of appealability shall issue.

Dated this 17TH day of January, 2023.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK